UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:23-CV-00219-DCLC-JEM |
| | ) | |
| v. | ) | |
| | ) | |
| PC INVESTMENT PROPERTIES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO REMAND**

On June 22, 2023, Deborah L. Davis, proceeding *pro se*, filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)" [Doc. 2] and an application to proceed *in forma pauperis* [Doc. 1]. Specifically, Ms. Davis purports to remove to this Court an action for unlawful detainer initiated against her in the General Sessions Court for Knox County, Tennessee by PC Investment Properties, LLC [Doc. 2]. Generally, a defendant may remove a civil action from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading or service of summons upon the defendant and must include "a copy of all process, pleadings, and orders served upon such defendant" in the state action. 28 U.S.C. § 1446(a), (b)(1).

As an initial matter, the removal of the unlawful detainer action is untimely. Ms. Davis avers that she was served with notice of the action on April 15, 2023 [Doc. 8, ¶ 9], and she filed her petition for removal in this Court more than 30 days thereafter on June 22, 2023 [Doc. 2]. Moreover, Ms. Davis failed to include with that petition a copy of any process, pleadings, or orders

1

served upon her in the state action. Despite the procedural issues, removal is also substantively improper due to the lack of original jurisdiction in this Court. The original jurisdiction of federal courts may be based on either the existence of a federal question, pursuant to 28 U.S.C. § 1331, or diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

First, the Court lacks federal question jurisdiction because unlawful detainer proceedings do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Ms. Davis asserts that the eviction proceedings against her violate federal law and has attached a Complaint to her petition alleging claims under the Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 1201, et seq., "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction[.]'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

As for diversity jurisdiction, removal on that basis is improper when a defendant is a citizen of the state in which the plaintiff filed the action. *See* 28 U.S.C. § 1441(b)(2). This is commonly referred to as the "forum defendant rule" and "generally prohibits defendants from removing a case to federal district court when the concerns that underpin diversity jurisdiction (*i.e.*, prejudice to out-of-state defendants) are not present because the plaintiff chose to file suit in the defendant's own home state courts." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 858 (N.D. Ohio 2008). Because Ms. Davis is a Tennessee resident, removal on the basis of diversity jurisdiction is not permitted.

Due to the lack of jurisdiction, remand is mandatory. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the unlawful detainer action is **REMANDED** to the

General Sessions Court of Knox County, Tennessee, and the pending motions in this action [Docs. 1, 7] are **DENIED AS MOOT**. To the extent Ms. Davis seeks to pursue the claims alleged in the complaint attached to her petition [Doc. 2-1], she may do so by filing a separate civil action. The Clerk is **DIRECTED** to close this case and mail a certified copy of this order to the General Sessions Court for Knox County, Tennessee.

    **SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge